Stock Corporation Law read as a whole ought to be interpreted, I think, as conferring upon a non-consenting shareholder the right to demand an appraisal within twenty days after the preferential rights attaching to his shares have been changed in either of the two ways described in section 37, subdivision 3-b.

Section 38, subdivision 12, says that "*any* holder of such shares not voting in favor of such alteration" shall have that right. The statute does not restrict the holder to one who had the right to vote and who waived his right. It says that *any* holder "not voting in favor of such alteration" may demand payment and have his shares appraised. I can see no reason to limit the class of holders. The Legislature has included *all* who did not vote in favor. A narrow construction might injure many an innocent holder.

Accordingly, I dissent and vote for reversal.

---

EDMUND P. SULLIVAN, Respondent, *v.* ALBERT FREEMAN, Appellant.

*False representations — fraud — rescission — action to recover subscription alleged to have been induced by false representations — defense of ratification.*

*Sullivan* v. *Freeman*, 220 App. Div. 724, affirmed.

(Argued January 17, 1928; decided February 14, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 1, 1927, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover the amount of a subscription to a syndicate alleged to have been induced by false and fraudulent representations and to have been rescinded. The defense was that the subscribers, with full knowledge of the facts, had ratified the subscription.

*John M. Coleman* and *William J. Dawley* for appellant.
*John J. Cunneen* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MARIA MALTESE, as Administratrix of the Estate of NICHOLAS MALTESE, Deceased, Appellant, *v.* OVERSEAS SHIPPING COMPANY, INC., Respondent.

*Negligence — master and servant — release — action for death of employee — defense that employee had executed release on settlement of claim.*

*Maltese* v. *Overseas Shipping Co., Inc.,* 217 App. Div. 754, affirmed.
(Argued January 17, 1928; decided February 14, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 1, 1926, affirming a judgment in favor of defendant entered upon a verdict directed by the court in an action to recover for the death of plaintiff's intestate, alleged to have been occasioned through the negligence of defendant, his employer. The defense was that intestate in his lifetime had executed a release in settlement of his claim against defendant.

*Ralph Stout* for appellant.

*Everett W. Bovard* and *Norman G. Hewitt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

HELEN KAYSER, as Administratrix of the Estate of CARL KAYSER, Deceased, Respondent, *v.* 150 EAST 52ND STREET, INC., et al., Appellants, Impleaded with Others.

*Negligence — building — elevators — death of employee on building from falling down hoistway.*

*Kayser* v. *150 East 52nd St., Inc.,* 220 App. Div. 749, affirmed.
(Argued January 17, 1928; decided February 14, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial